**UNITED STATES of America**

v.

**Manuel PEREZ et al., Defendants.**

**No. 72 Cr. 503.**

United States District Court,
S. D. New York.

May 24, 1972.

Hermena Perlmutter, New York City, for defendants Perez and Rodriguez.

Russo, Stein, Caiola & Victor, New York City, for defendant Ziccardi; Tobias A. Russo, New York City, of counsel.

Zapata & Halbert, New York City, for defendant Holness; Melvin E. Rosenthal, of counsel.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, for United States of America; Patrick T. Burke, Sp. Atty., Joint Strike Force, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Defendants move to suppress evidence of a pari-mutuel race horse policy gambling scheme, taken in searches made pursuant to search warrants issued on March 30, 1972 and March 31, 1972, on the ground that there was no probable cause for issuing the warrants.

The warrants of March 30, which were issued on the basis of an affidavit submitted by F.B.I. agent Joseph Stabile, authorized searches of the four individual defendants * and of a barber shop and an apartment in New York City. The warrant of March 31, which

---

* A fifth individual, who is not a defendant, was also searched, pursuant to a warrant, but that warrant is not in question here.

was issued on the basis of a subsequent affidavit by agent Stabile, authorized the search of an automobile driven by the defendant Ziccardi.

All of the defendants contend that the March 30 affidavit was not sufficient to provide probable cause for the issuance of the warrants on that date and that, therefore, those warrants were all invalid. Defendant Ziccardi further contends that the subsequent warrant to search the automobile was also invalid because it was obtained by use of a statement made by Ziccardi as he was being detained pursuant to the warrant to search his person. Ziccardi claims that the invalidity of the earlier warrant made his detention unlawful and that, therefore, any statements made during that detention could not be used to obtain the later warrant.

■ Probable cause for the issuance of a search warrant exists when facts and circumstances within the issuing officer's knowledge, and of which he has reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution to believe that a crime is being committed and that evidence of it is being secreted on a specific person or premise. Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967). We must, therefore, determine whether the information contained in agent Stabile's affidavit was reasonably trustworthy and whether it was sufficient to make a reasonable man believe that a policy gambling scheme, commonly known as a "numbers" business, was being conducted by the persons and in the premises to be searched.

■ We find that the information contained in the affidavit in question was reasonably trustworthy. Admittedly, the major part of it was furnished by two F.B.I. informants, but information is not to be deemed insufficient or improper if the affidavit shows why the informants should be considered reliable, and also shows the underlying circumstances as a basis for judging the validity of the informants' conclusions. Spinelli v. United States, 393 U.S. 410, 89

S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

■ Agent Stabile's affidavit adequately meets these standards with regard to the individual identified as Informant Number One, who supplied most of the information. It establishes reliability by describing how Informant Number One had given the F.B.I. truthful information, at least once a month for the preceding three years, and how information from this informant had led directly to the arrest of four federal fugitives.

The affidavit also clearly lays out the circumstances on which the validity of the conclusions of Informant Number One are based. It states that the informant personally placed bets with some of the defendants, spoke with some of them about taking bets, and observed some of them taking bets. In light of all this, we think that the affidavit amply established that the information obtained from Informant Number One was both reliable and accurate.

We do not feel that sufficient basis is provided for accepting the information of Informant Number Two. However, that information was minimal, and the exclusion of it does not affect the total picture presented by the affidavit.

We next consider whether the information was sufficient to establish probable cause for the search warrants. There is no question whatever that probable cause existed for issuing warrants to search the defendants Perez, Holness and Rodriguez. Shortly before the warrants were issued, Informant Number One had been told by Perez that he ran a $6,000 a day gambling operation and that Holness and Rodriguez, among others, worked for him. On a number of occasions, the informant had placed bets in person with Perez or Holness and on the telephone with Rodriguez. In light of this and in light of agent Stabile's assertion, based on his extensive experience with similar gambling operations, that "numbers" operators must carry the records of their business on their persons, we think a search of the per-

sons of these three defendants was clearly warranted.

It is true that Holness was originally identified by the warrant as "Adolfo, also known as 'Panama,'" and that the defendant's name is actually Rodolfo, and he claims that he is not known as "Panama." However, we think this slight mix-up in names is immaterial since the individual for whom the warrant was issued was identified by the informant from a photograph.

We think it equally clear that probable cause existed for issuing warrants to search the barber shop at 104 West 96th Street and Apartment D-3 at 2 Sickles Street, both in New York City. Informant Number One had been told and had observed that bets were being taken in the barber shop. Agents of the F.B.I., who surveilled the shop for six days, had witnessed Holness receiving telephone calls, writing notes on small slips of paper, and placing the slips in a drawer in the shop. They had also observed, on several occasions, a string of eight or nine men walk into the shop, talk briefly to Holness, and leave.

The apartment at 2 Sickles Street had been located by tracing the telephone number through which Informant Number One had placed bets. The informant had told the F.B.I. that whenever he had called the number, he had heard other voices and the sound of adding machines on the other end. The apartment was placed under surveillance for five days, on four of which the F.B.I. agents saw the defendant Rodriguez enter it and stay for several hours. They also saw the defendant Perez pay two short visits to the apartment.

Under all the circumstances, we think it was logical to conclude that both of these premises were being used for a "numbers" business.

The final warrant issued on March 30 authorized a search of the defendant Ziccardi, who was never actually identified by Informant Number One as a participant in the "numbers" business. However, Ziccardi was seen paying four short visits to the apartment at 2 Sickles Street during the five days the apartment was under surveillance. On one occasion, he was seen carrying several slips of folded papers, which under the circumstances could be considered the standard paraphernalia of a "numbers" operation. We think Ziccardi's frequent visits to the apartment and his departures with several slips of folded papers were sufficient to lead a reasonable man to the conclusion that Ziccardi was involved in the illegal operation.

We find, therefore, that there was sufficient probable cause to issue all of the warrants on March 30. This disposes of defendant Ziccardi's claim that the March 31 warrant to search the automobile was invalid because it was obtained by use of a statement Ziccardi made while he was being detained for search pursuant to an allegedly unlawful warrant. Since the March 30 warrant was lawful, Ziccardi's statement which led the F.B.I. to the automobile was not unlawfully obtained and the warrant issued on the basis of the statement was valid.

Consequently, defendants' motions to suppress the evidence obtained as a result of these search warrants are denied. So ordered.